# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL H. HERNANDEZ, | CASE NO. 1:09-cv-00268-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM |
| v. | |
| CHRIS JORDAN, et al., | |
| Defendants. | (Doc. 1) |
| / | THIRTY-DAY DEADLINE |

## Screening Order

**I.  Screening Requirement**

Plaintiff Angel H. Hernandez is a prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and California tort law. Plaintiff filed this action on February 11, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of Allegations

Plaintiff is a pretrial detainee being held at the Kings County Jail in Hanford, California. Plaintiff alleges that on January 18, 2007, he was removed from his cell, placed in waist and leg restraints, and left by the top tier shower. When Plaintiff called out to Defendant Henderson, who was in the dayroom, Defendant Costner ran up to Plaintiff yelling, kneed Plaintiff in his back, and shocked Plaintiff two or three times with a stun gun. Plaintiff sustained injuries as a result of the incident, and alleges that he was not resistant during the incident.

Plaintiff names Sheriff Chris Jordan, the Board of Supervisors for Kings County, Sergeant Tolbert, Senior Deputy Garcia, Senior Deputy Costner, Sergeant Henderson, Captain Vento, Does 1-25, Kings County, the Mayor of Kings County, and Taser International, Inc., as defendants. Plaintiff alleges three claims for relief arising out of the incident of force against him, and seeks damages, a declaratory judgment, and unspecified injunctive relief.

### B. Excessive Force Claim

Plaintiff alleges a claim for use of excessive physical force, in violation of the Fourth, Eighth, and Fourteenth Amendments. Because Plaintiff is a pretrial detainee, it is the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment that protects him "from the use of excessive force that amounts to punishment." Gibson v. County of Washoe, Nev., 290 F.3d 1175,

1197 (9th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). Force that is unreasonable under the circumstances violates the Constitution. Id.

Plaintiff's allegations are sufficient to state a claim against Defendant Costner, who used the stun gun against Plaintiff. However, Plaintiff has not alleged facts linking Defendant Garcia to an unreasonable use of force against him, and has not linked any other defendant to the incident. Plaintiff's apparent attempt to link other defendants to this claim by vaguely asserting a failure to train is insufficient. There are no facts suggesting that the incident of force occurred because Defendant Costner was improperly trained.[1]

### C. Section 1981 Claim

Plaintiff alleges a claim for "breach of safety and security" under section 1981. (Doc. 1., Comp., court record p. 4.) Section 1981 prohibits racial discrimination by private parties and government actors in the making and enforcement of contracts. Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1067 (9th Cir. 2007) (citations omitted). Plaintiff's complaint is devoid of any allegations supporting the existence of a section 1981 claim.

As a pretrial detainee, Plaintiff is protected from conditions which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). However, even under a theory that Plaintiff's due process rights were violated because he was subjected to unsafe conditions, Plaintiff fails to state a claim. There are no allegations that Plaintiff was subjected to any unsafe situation at the jail, other than the incident of excessive force, which was raised as a separate legal claim.

---

[1] A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.
Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

### D. Negligence Claim

Finally, Plaintiff alleges a claim for negligence arising out of the use of force against him. A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

The facts alleged would support a negligence claim against Defendant Costner arising out of the use of force. However, Plaintiff fails to allege compliance with the Tort Claims Act. Unless Plaintiff complied with the Tort Claims Act and alleges compliance, he may not proceed with his state law claim. Further, Plaintiff's complaint contains no allegations supporting negligence claims against any of the other defendants.

### III. Conclusion and Order

Plaintiff's complaint states a claim against Defendant Costner for use of excessive force, in violation of the Fourteenth Amendment. However, for the reasons set forth herein, the complaint does not state any other claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Costner on his excessive force claim, Plaintiff may so notify the Court in writing, and his other claims will be dismissed for failure to state a claim. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Costner.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Costner on his excessive force claim; and

///
///
///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **April 6, 2009**                         /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE