# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL H. HERNANDEZ, | CASE NO. 1:09-cv-00268-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CHRIS JORDAN, et al., | (Doc. 8) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.      Screening Requirement**

Plaintiff Angel H. Hernandez is a state prisoner proceeding pro se and in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and California tort law. Plaintiff filed this action on February 11, 2009.  On April 7, 2009, the Court screened Plaintiff's complaint and found that it stated a cognizable excessive force claim against Defendant Costner but did not state any other claims.  Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable.  Plaintiff filed an amended complaint on April 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under federal notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusion are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**II.   Plaintiff's Claims**

    **A.   Summary of Allegations**

The events at issue in this action occurred while Plaintiff was being held at the Kings County Jail in Hanford, California.[1] Plaintiff alleges that on January 18, 2007, as part of a training exercise, the Special Response Team (SRT) led by Sergeant Tolbert was called in by Sergeant Henderson with the approval of Commander Vento. Plaintiff and his cellmate had just entered their cell and shut the door when twenty-five SRT officers entered the pod. Sergeant Tolbert and Senior Deputies Garcia and Costner approached their cell door. Sergeant Tolbert told Plaintiff to get down, and he complied by laying on his stomach, placing his hands behind his back, and crossing his legs. Plaintiff was placed in wrist and leg restraints by either Garcia or Costner, and then dragged by his leg chains for approximately thirty-five feet, from his cell to the top tier shower.

///

---

[1] Plaintiff is currently housed at Wasco State Prison.

Plaintiff alleges that he sustained cuts and abrasions to his left knee and abrasions to his right elbow, and bumped his head on the wall and railing causing whiplash; and that he continues to suffer from a sharp pain in his right knee, headaches, dizziness, and lightheadedness.

From his position in front of the top tier shower, Plaintiff saw Sergeant Henderson standing in the dayroom and called down to her, asking her why she was allowing officers treat them like that. Deputy Costner ran up to Plaintiff, told him to shut up, kneed him in the back, and shocked Plaintiff two or three times with a stun gun. Plaintiff alleges that he was not resistant during the incident, and continues to suffer from pain in his shoulder blades and spine, and stiffness.

Plaintiff names Sheriff Chris Jordan, the Board of Supervisors for Kings County, Sergeant Tolbert, Senior Deputy Garcia, Senior Deputy Costner, Sergeant Henderson, Captain Vento, Does 1-25, Kings County, the Mayor of Kings County, and Taser International, Inc., as defendants. Plaintiff asserts five separate claims for relief arising out of the incident of force against him, and seeks money damages, a declaratory judgment, and unspecified injunctive relief.

**B.     Excessive Force Claims**

**1.     Defendants Costner and Garcia**

Plaintiff alleges claims for use of excessive physical force. Plaintiff states he was a pretrial detainee at the time of the events at issue in this action. The Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment protects Plaintiff "from the use of excessive force that amounts to punishment," Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citation omitted), while the Fourth Amendment sets the applicable constitutional limitations for considering such claims, id. (internal quotations and citation omitted). Claims are analyzed under the objective unreasonableness standard, which requires an evaluation of "'whether officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865 (1989)).

Plaintiff's allegations are sufficient to state a claim against Defendant Costner, who used the stun gun against Plaintiff. Plaintiff's allegations are also sufficient to state a claim against the deputy who dragged him from his cell, injuring him in the process. However, Plaintiff is unsure whether

Costner or Garcia was responsible for dragging him. Plaintiff may not hail both into court when only one was responsible for the act. The Court recommends that the claim be allowed to proceed against the responsible deputy as a doe defendant. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff may later amend his complaint if he is able to determine which deputy dragged him from his cell. Id.

### 2. Supervisory and Municipal Liability Claims

Plaintiff attempts to parlay the alleged use of excessive force against him into claims against Defendant Henderson for summoning the SRT; against Defendant Vento for allowing the incident to take place; against Does 1-20 for failing to protect the inmates; against Defendant Jordan for failing to ensure that officers hired and promoted had proper training; against Defendants Vento and Jordan for allowing the SRT to exist, failing to control the SRT, and impliedly authorizing the use of force by the SRT; and against Defendant Tolbert for leading the SRT and failing to intervene when force was being used against Plaintiff. Plaintiff further alleges that Defendants Jordan, Board of Supervisors, Tolbert, Henderson, Garcia, Costner, Vento, Does 1-20, Kings County, and the Mayor of Kings County are liable for housing Plaintiff in unsafe conditions.

#### a. Supervisory Liability

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Present on the scene during the SET exercise were Defendants Henderson and Tolbert. Plaintiff's allegations do not support a claim that either defendant used excessive force against him, directed the use of excessive force against him, or watched the actual violations occur but failed to

4

1  intervene despite a realistic opportunity to do so. Taylor, 880 F.2d at 1045; Cunningham v. Gates,
2  229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).
3  Henderson was standing in the dayroom and it is not clear that she even saw Plaintiff's cell
4  extraction. Tolbert directed the extraction of Plaintiff's cell but there is no indication that he
5  participated in or directed that Plaintiff be roughly dragged approximately thirty-five feet. The
6  possibility of misconduct does support a claim, and in this instance, the Court finds that Plaintiff's
7  amended complaint is devoid of sufficient factual allegations to support a plausible claim for relief
8  against either Henderson or Tolbert for use of excessive force under the theory of supervisory
9  liability. Iqbal at 1949-50; Taylor, 880 F.2d at 1045.

10       With respect to the other named defendants, the amended complaint is devoid of any
11  allegations supporting the existence of a supervisory liability claim. The only basis for such a claim
12  would be *respondeat superior*, which is precluded under section 1983. Therefore, the Court
13  recommends that Plaintiff's supervisory liability claims be dismissed, with prejudice.

14                **b.    Municipal Liability**

15       Plaintiff alleges that he is suing all named defendants in their official and individual
16  capacities. "An official capacity suit against a municipal officer is equivalent to a suit against the
17  entity." Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dep't, 533 F.3d 780,
18  799 (9th Cir. 2008) (citing Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985)).
19  Therefore, Plaintiff's official capacity claims against the sheriff's deputies, commanding officers,
20  medical staff, Sheriff Jordan, and the Doe mayor are subject to dismissal as redundant, leaving Kings
21  County and the Kings County Board of Supervisors as the proper municipal defendants. Center for
22  Bio-Ethical Reform, Inc., 533 F.3d at 799 (citation omitted).

23       A local government unit may not be held responsible for the acts of its employees under a
24  *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691
25  (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290
26  F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts
27  the injury complained of. Conn v. City of Reno, 572 F.3d 1047, 1062 (9th Cir. 2009); Gibson, 290
28  F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff alleges that he was told by Defendant Tolbert that deputies were not trained for "such situations," and that the cell extractions were part of a training exercise. (Amend. Comp., court record p. 4.) That allegation is the sole specific fact proffered in support of Plaintiff's claim that the county is liable to him for failing to properly train its officers. Plaintiff's other allegations can only be described as general assertions of liability.

The abuse of power through the use of excessive force by a county deputy does not confer liability upon the county itself absent a showing that the county inflicted the injury complained of through its acts or omissions. Conn, 572 F.3d at 1062. A claim against a municipality for failure to train may only be premised on a deliberate or conscious choice not to train. Conn at 1063. Plaintiff's amended complaint contains no facts specific enough to support a viable claim for municipal liability. The Court finds that Plaintiff fails to state a claim against the county, and recommends that his municipal liability claim be dismissed, with prejudice.

**C.    Section 1981 Claim**

Plaintiff alleges a claim for "breach of safety and security" under section 1981. (Doc. 8., Amend. Comp., court record p. 5.) Plaintiff alleges that Defendants have an affirmative duty to ensure his safety and security, and failed to protect him from harm.

Section 1981 prohibits racial discrimination by private parties and government actors in the making and enforcement of contracts. Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1067

6

(9th Cir. 2007) (citations omitted). Section 1981 provides a cause of action against municipalities and other local government units, but precludes *respondeat superior* liability. Federation of African American Contractors v. City of Oakland, 96 F.3d 1204, 1214-15 (9th Cir. 1996).

Plaintiff's amended complaint is devoid of any allegations supporting the existence of a plausible section 1981 claim. Iqbal at 1949-50; Moss at 969. The Court recommends dismissal of this claim, with prejudice.

### D. Negligence Claims

Plaintiff alleges a claim for negligence against Defendants Garcia, Costner, Tolbert, Henderson, Vento, and Taser International, Inc. arising out of the use of force against him. (Amend. Comp., c. r. p. 5.)

"In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). The amended complaint contains no facts supporting a cognizable negligence claim against Garcia, Tolbert, Henderson, Vento, and Taser International, Inc. In light of Plaintiff's cognizable excessive force claims against Costner and Doe 1, Plaintiff may also proceed against them for negligence. However, there are no facts demonstrating that the other defendants breached a duty that they owed plaintiff, causing him injury. Iqbal at 1949-50; Moss at 969. Therefore, the Court recommends dismissal of Plaintiff's negligence claim against Garcia, Tolbert, Henderson, Vento, and Taser International, Inc.[2]

Plaintiff also alleges a negligence claim against Kings County for failing to respond to his claim letter, in which he requested to be interviewed by internal affairs. (Amend. Comp., c. r. p. 7.) The failure of Kings County staff to respond to Plaintiff's letter does not provide a basis upon which to impose liability for negligence. The Court recommends dismissal of this claim, with prejudice.

///
///
///

---

[2] If subsequent investigation reveals that Garcia is Doe 1, Plaintiff may amend to substitute Garcia for Doe 1.

7

E.   **Professional Negligence Claim Against Jail Medical Staff**

  1.   **Cognizability of Claim**

Finally, Plaintiff alleges that after the cell extraction, he showed a nurse his cuts, told her he was in pain, and requested medical attention. Plaintiff was told by the nurse that he would receive a pain pill and something to put on his wounds, and that he would see the doctor the next day. Plaintiff alleges that he did not receive anything and did not see the doctor for another three or four weeks. Plaintiff alleges that he was left to deal with his pain and wounds on his own.

Plaintiff also alleges that he suffers from back pain, right knee pain, and high blood pressure, and expressed his concerns to jail medical staff, but was only given pain pills. Plaintiff alleges that he requested to see an outside doctor but was told he could do so only if he paid for the doctor himself. Plaintiff alleges that he was also told he could be checked out or x-rayed once he either went home or to prison.

The elements of professional negligence, or medical malpractice, are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly posses and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468 n.2 (Cal. Ct. App. 2008) (quotation marks and citation omitted); Hahn v. Mirda, 147 Cal.App.4th 740, 746-47 (Cal Ct. App. 2007) (quotation marks and citations omitted).

Plaintiff's allegations do not support a claim for relief. Plaintiff's disagreement or dissatisfaction with the level of care provided falls short of supporting a viable claim. Plaintiff has not stated a plausible claim against the nurse or other medical staff for breaching a professional duty owed to him, and that the breach was the cause of actual loss or damage sustained by him. Iqbal at 1949-50; Moss at 969.

  2.   **Rule 18**

In the alternative, this action states cognizable claims arising out of the use of force against Plaintiff by Defendants Costner and Doe 1. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-

party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, Plaintiff may not pursue a separate claim for professional negligence against the medical staff at the jail in this action and the Court recommends the claim be dismissed, without prejudice.

### F. Relief Sought

In addition to money damages, Plaintiff seeks declaratory relief and unspecified injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for equitable relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). When there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits." S.E.C.

v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)).

The incident of excessive force at issue in this action occurred in 2007 while Plaintiff was housed at the Kings County Jail in Hanford, California. The case or controversy requirement cannot be met with respect to equitable relief in light of the fact that the claim in this action is confined to a past incident at a jail where Plaintiff is no longer confined. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Therefore, the Court recommends dismissal of Plaintiff's declaratory and injunctive relief claims.

### III. Conclusion and Recommendation

Plaintiff's amended complaint states claims against Defendants Costner and Doe 1 for use of excessive force, in violation of the Fourteenth Amendment, and for negligence under California law. However, Plaintiff's amended complaint does not set forth any other viable claims for relief. The bases for Plaintiff's claims are those previously set forth in his original complaint and addressed by the Court in its first screening order. The Court finds that in light of the previous notice of the claim deficiencies and opportunity to amend, coupled with the nature of the deficiencies identified, justice does not require further leave to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court HEREBY RECOMMENDS that:

1. This action proceed as one for money damages on Plaintiff's amended complaint against Defendants Costner and Doe 1 for use of excessive force, in violation of the Fourteenth Amendment, and for negligence under California law;

2. Plaintiff's official capacity claims be dismissed as redundant of his municipal liability claims, and his supervisory liability and municipal liability claims be dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's section 1981 claim be dismissed, with prejudice, for failure to state a claim;

///

///

4. Plaintiff's negligence claims against Defendants Garcia, Costner, Tolbert, Henderson, Vento, Taser International, Inc., and Kings County be dismissed, with prejudice, for failure to state a claim;

5. Plaintiff's professional negligence claims against medical staff at the jail be dismissed, with prejudice, for failure to state a claim, or in the alternative, be dismissed without prejudice pursuant to Rule 18;

6. Plaintiff's claims for declaratory and injunctive relief be dismissed for failure to state a claim; and

7. Defendants Jordan, the Board of Supervisors for Kings County, Tolbert, Garcia, Henderson, Vento, Does 1-25, Kings County, the Mayor of Kings County, Taser International, Inc., and jail medical staff be dismissed based on Plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 25, 2009**              /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE