# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL H. HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRIS JORDAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00268-LJO-SMS PC<br><br>ORDER PROVIDING DEFENDANT COSTNER WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(Docs. 16 and 17)<br><br>THIRTY-DAY DEADLINE |

      On February 4, 2010, the Court ordered the United States Marshal to serve process upon Defendant Costner. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant Costner. If a waiver of service was not returned by Defendant Costner within sixty days, the Marshal was directed to effect personal service on Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

      On July 16, 2010, the United States Marshal filed a return of service with a USM-285 form showing charges of $148.50 for effecting personal service on Defendant Costner. (Doc. 17.) The form shows that a waiver of service form was mailed to Defendant Costner on February 8, 2010, and no response was received. (Id.) Defendant Costner did not make an appearance in the case before personal service was executed.

1

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Costner was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request. The Court shall provide Defendant Costner with the opportunity to show good cause for failing to waive service. If Defendant Costner either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Costner may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Costner the costs incurred in effecting service.

IT IS SO ORDERED.

**Dated:   December 17, 2010**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE