# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL H. HERNANDEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>CHRIS JORDAN, et al.,<br><br>         Defendants.<br>_____ / | CASE NO. 1:09-cv-00268-LJO-SKO PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED<br><br>(Doc. 18)<br><br>ORDER DIRECTING DEFENDANT COSTNER TO PAY COST OF PERSONAL SERVICE TO USM<br><br>(Docs. 16, 20, and 25) |

**I.      Procedural History**

Plaintiff Angel H. Hernandez, a state prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 and California law on February 11, 2009. This action is proceeding on Plaintiff's amended complaint against Defendants Costner and Doe 1 for use of excessive force, in violation of the Fourteenth Amendment, and for negligence under California law. 28 U.S.C. § 1915A.

On December 9, 2010, the Court ordered Defendant Costner to show cause why default should not be entered against him, Fed. R. Civ. P. 55(a). On December 17, 2010, the Court ordered Defendant to show cause why he should not be required to reimburse the United States Marshal for the costs incurred in effecting personal service, Fed. R. Civ. P. 4(d)(2)(A). Defendant filed responses on December 28, 2010, and January 19, 2011, respectively. On January 11, 2011,

///

1 Plaintiff filed an objection to Defendant's response regarding the entry of default, and on January
2 13, 2011, Defendant filed a reply.

## II.  Entry of Default

On June 29, 2010, Defendant was personally served with a summons and the amended complaint by the United States Marshal.  Fed. R. Civ. P. 4(a).  Defendant failed to file a timely response to the amended complaint, Fed. R. Civ. P. 12(a), and on December 9, 2010, the Court ordered him to show cause within fifteen days why default should not be entered, Fed. R. Civ. P. 55(a).  Defendant filed a motion to dismiss on December 16, 2010, and a response to the order to show cause on December 28, 2010.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, default must be entered.  Fed. R. Civ. P. 55(a).  Notably, however, Plaintiff did not request the entry of default.  Rather, the Court sua sponte issued the order to show cause and in response, Defendant filed a motion to dismiss followed by a response to the order to show cause.  Although Plaintiff's objection to Defendant's response to the order to show cause is noted, the filing of the motion to dismiss precludes the entry of default against Defendant and the order to show cause shall be discharged.  See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 927 (9th Cir. 2004) (citing Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, 840 F.2d 685, 689 (9th Cir. 1988)) (clerk's entry of default judgment void if party previously appeared).

## III.  Failure to Waive Service

Finally, a defendant who has been requested to waive service of the summons but fails to do so without good cause is required to pay the expenses incurred in effecting service.  Fed. R. Civ. P. 4(d)(2)(A).  Because Defendant failed to waive service and was personally served, the Court provided him with the opportunity to show cause why the expenses should not be assessed against him.  Id.  Defendant responded that he has been unable to determine what happened to the waiver of service and as a result, he is unable to show good cause for failing to waive service.  Accordingly, the cost of personal service shall be assessed against Defendant.  Id.

///

### IV. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause why default should not be entered is discharged; and
2. Defendant is ordered is pay $148.50 to the United States Marshals Service in Sacramento, California for the costs incurred in personally serving him.

IT IS SO ORDERED.

Dated: **June 27, 2011**   /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE