# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL H. HERNANDEZ, | CASE NO. 1:09-cv-00268-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| CHRIS JORDAN, et al., | (Doc. 19) |
| Defendants. | TWENTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Defendant's Motion to Dismiss**

## I. Procedural History

Plaintiff Angel H. Hernandez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on February 11, 2009.[1] This action is proceeding on Plaintiff's amended complaint, filed April 27, 2009, against Defendants Costner and Doe 1 for use of excessive physical force in violation of the Due Process Clause and for negligence in violation of California law.[2]

On December 16, 2010, Defendant Costner filed a motion seeking dismissal of the claims against him on the ground that they are barred by the applicable statutes of limitation. Fed. R. Civ.

---

[1] Plaintiff was a pretrial detainee at the time of the events at issue and he was incarcerated at the Kings County Jail when he filed suit.

[2] Only Defendant Costner has been served. At this juncture, Defendant Doe remains unidentified. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (although the use of Doe defendants is generally disfavored, the plaintiff must be given the opportunity to the identify Doe defendants through discovery).

1

P. 12(b)(6). Plaintiff filed an opposition on January 19, 2011, Defendant filed a reply on January 28, 2011, and the motion has been deemed submitted. Local Rule 230(l).

## II.  Legal Standard

In resolving a 12(b)(6) motion, the Court's review is generally limited to the operative pleading.[3] Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Plaintiff's failure to comply with the applicable statutes of limitation is properly raised in a 12(b)(6) motion so long as his failure to do so is apparent from the face of the complaint. Huynh, 465 F.3d at 997; Morales, 214 F.3d at 1153. The motion to dismiss may only be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Morales, 214 F.3d at 1153 (internal quotation marks and citation omitted).

## III.  Discussion

### A.  Excessive Force Claim

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's general statute of limitation for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1 (West 2011).

---

[3] Where applicable, courts may also consider evidence on which the complaint necessarily relies if the complaint refers to the document, the document is central to the plaintiff's claim, and no party questions the authenticity of the document copy attached to the motion to dismiss. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)) (quotation marks omitted). In this instance, the Court's review is limited to Plaintiff's amended complaint and attached exhibits.

In actions where the federal court borrows the state's statute of limitation, it should also borrow all applicable state law provisions for tolling the limitation period. Jones, 393 F.3d at 927. Under California law, the statute of limitation is tolled for up to two years for prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction. Cal. Civ. Proc. Code § 352.1 (West 2011). Although Defendant did not address the applicability of the tolling statute, nothing alleged in Plaintiff's amended complaint provides a basis for precluding its application. Morales, 214 F.3d at 1153.

Plaintiff's claim accrued on January 18, 2007, when the incident of force allegedly occurred, and he filed suit on February 11, 2009, well within the four-year period in which he had to file suit. Accordingly, the Court recommends that Defendant's motion to dismiss Plaintiff's excessive force claim as barred by the two-year statute of limitation be denied.[4]

**B.     Negligence Claim**

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit, Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and suit must be commenced not later than six months after the date the rejection is deposited in the mail, Cal. Gov't Code § 945.6(a)(1) (West 2011) (quotation marks omitted).

In his amended complaint, Plaintiff alleges compliance with the Tort Claims Act and he includes as an exhibit what is purportedly a handwritten copy of the claim rejection letter he received, dated and mailed on March 27, 2007. Thus, under section 945.6(a)(1), Plaintiff had only

---

[4] The two-year tolling provision does not apply to Plaintiff's negligence claim, as claims brought against public employees and subject to compliance with the Tort Claims Act are specifically precluded. Cal. Civ. Proc. Code § 352.1(b).

3

six months from March 27, 2007, within which to commence suit and he did not do so.  However, the statute also includes a tolling provision for prisoners, which provides:

> When a person is unable to commence suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in state prison, the time limit for the commencement of suit is extended to six months after the date that the civil right to commence suit action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a).

Cal. Gov't Code § 945.6(b) (West 2011).

Defendant did not address the applicability of section 945.6(b), and while some courts have found that subsection (b) is no longer operative, Brown v. Grove, 647 F.Supp.2d 1178, 1187 (C.D.Cal. Jul. 16, 2009); Boyd v. Alameda County, No. C 02-02461 SI, 2005 WL 2171870, at *18 (N.D.Cal. Sept. 6, 2005); Moore v. Twomey, 201 Cal.App.4th 910, 914 (2004), other courts have continued to apply it in the absence of any express invalidation, Lanier v. City of Fresno, No. CV F 10-1120 LJO SKO, 2010 WL 3957440, at *9-11 (E.D.Cal. Oct. 8, 2010); see also Flores v. City of Hayward, No. C 10-2396 MEJ, 2010 WL 3490221, at *3-4 (N.D.Cal. Sept. 2, 2010).  Because Plaintiff may be able to prove that the statute of limitation was tolled pursuant to section 945.6(b), the Court recommends that Defendant's motion to dismiss Plaintiff's negligence claim be denied, without prejudice.  Morales, 214 F.3d at 1153.

## IV.   Conclusion and Recommendation

For the reasons set forth herein, the Court RECOMMENDS that Defendant Costner's motion to dismiss, filed December 16, 2010, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 27, 2011**                             /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE