# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL H. HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS JORDAN, et al.,<br><br>    Defendants. | CASE NO. 1:09-cv-00268-LJO-SKO PC<br><br>**ORDER VACATING TTCH AND TRIAL DATES, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE SCHEDULING ORDER, AND DIRECTING CLERK TO ENTER JUDGMENT**<br><br>**(Docs. 49 and 55)** |

**Dismissal Order**

## I. Procedural History

Plaintiff Angel Hernandez, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 11, 2009. This action is set for jury trial on March 19, 2013, on Plaintiff's claims against Defendant Costner for use of excessive force, in violation of the Fourteenth Amendment, and for negligence under California law. Plaintiff's claims arise out of events which allegedly occurred at the Kings County Jail in Hanford, California in 2007.

Pursuant to the second scheduling order filed on July 16, 2012, Plaintiff's pretrial statement was due on or before November 5, 2012. Plaintiff failed to comply with the scheduling order and on November 28, 2012, the Court ordered Plaintiff to show cause within fifteen days why this action should not be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

///

///

## II. Failure to Comply with Scheduling Order

On July 16, 2012, the Court issued a scheduling order requiring Plaintiff to file a pretrial statement on or before November 5, 2012. Plaintiff failed to comply with or otherwise respond to the order, and on November 28, 2012, Plaintiff was ordered to show cause within fifteen days why this action should not be dismissed. Plaintiff was warned that the failure to respond to the order would result in dismissal of this action, with prejudice. More than fifteen days have passed and Plaintiff has not filed a response to the order.[1]

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). The second scheduling order contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the imposition of sanctions, including dismissal. (Doc. 49.) Further, in the order to show cause the Court warned Plaintiff that the failure to respond to the order would result in dismissal. (Doc. 55.)

"A scheduling order is not a frivolous piece of paper, idly entered . . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted). Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to respond to the order to show cause warrant the imposition of sanctions.

## III. Dismissal as a Sanction

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

---

[1] Because Plaintiff is no longer incarcerated, the prison mailbox rule does not apply. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988).

1  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
2  of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
3  1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court
4  in deciding what to do and are not conditions that must be met in order for a court to take action.
5  In re PPA, 460 F.3d at 1226 (citation omitted).

6        This case has been pending since 2009, and it is set for jury trial in three months. The
7  expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of
8  dismissal. See id. at 1227. This action has been pending for almost four years, and Plaintiff had
9  ample time to begin trial preparation and comply with the scheduling order. See id. The Court has
10 an enormous caseload, and when litigants disregard orders of the court and deadlines, the Court's
11 ability to manage its docket and guide cases toward resolution is significantly compromised. See
12 id.

13       As for the risk of prejudice to Defendant, there is no identifiable prejudice in this instance.
14 See id. at 1227-28.

15       Regarding the fourth factor, while public policy favors disposition on the merits and
16 therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has
17 stalled the case. See id. at 1228.

18       Finally, there are no alternative sanctions which are satisfactory. Monetary sanctions are not
19 available given that Plaintiff is proceeding in forma pauperis. Discovery is closed and the deadline
20 for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any
21 limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses
22 is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness
23 list via a pretrial statement. See Local Rule 281(b)(10),(11). In sum, the Court finds dismissal is
24 warranted given the procedural posture of this case, Plaintiff's failure to comply with the pretrial
25 scheduling order, and the unavailability of satisfactory alternative sanctions. See id. at 1228-29.

26 **IV.  Order**
27       For the reasons set forth herein, it is HEREBY ORDERED that:
28       1.      The telephonic trial confirmation hearing set for February 5, 2013, at 8:30 a.m. and

jury trial set for March 19, 2013, at 8:30 a.m. are VACATED;

2. This action is dismissed, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order; and

3. The Clerk of the Court shall enter judgment and close this file.

IT IS SO ORDERED.

Dated:    **December 18, 2012**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE